FILED

1   James Skadowski;
    1557 Westwood Blvd, Suite 229        2019 JUN 19  PM 2: 06
2   Los Angeles, California 90024
                                         CLERK U.S. DISTRICT COURT
3   Tel:(213) 703-3268                    CENTRAL DIST OF CALIF.
    Email: govmain@gmail.com                    LOS ANGELES
4
                                         BY:_____(W)
5   *Plaintiffs, James Skadowski*

6
              **UNITED STATES DISTRICT COURT**
7

8       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

9
    JAMES SKADOWSKI;        LACV1905357-JFW-JPRx
10                         CASE NO.:

11          Plaintiff        )    **COMPLAINT**
                             )
12     vs.                   )
                             )   1.  **GENERAL NEGLIGENCE**
13                           )       **WRONGFUL CONDUCT**
                             )
14                           )   2.  **PUBLIC ENTITY NEGLIGENCE-**
    REPUBLIC OF KOREA'S; FIU )       **WRONGFUL CONDUCT.**
15  ADMINISTRATION           )   3.  **ABUSE OF AUTHROTITY; AN**
    GOVERNMENT  ENTITY; KIM  )       **UNFAIR DEMAND AND AN**
16  HYO SHIN; JUNG WAN KY; JOHN )     **UNREASONABLE PRESSURE.**
17  DOE, FIU Service Agent in his official )  4.  **ABUSE OF  POWER AND ABUSE**
    capacity; DOES 1 - 10, inclusive. )       **ACT (18 U.S.C. 1030( A).**
18                           )
19          Defendants.      )   5.  **DERELICTION OF DUTY;**
                             )       **ILLEGAL ACTIVITIES; AN**
20                           )       **UNFAIR  DEMAND;**
                             )       **UNREASONABLE PRESSURE.**
21                           )
                             )   6.  **NEGLGENCE-SURVIVOR**
22                           )       **CAUSE OF ACTION.**
                             )
23                           )   7.  **DEPRIVATION OF FEDERAL**
                             )       **CIVIL RIGHT AND CIVIL RIGHT**
24                           )
                             )   8.  **BREACH OF IMPLIED**
25  _____ )        **CONTRACT.**

26
       Plaintiffs identified below (collectively, "Plaintiffs"), individually, and on
27

28

                                    **ORIGINAL**

                            1
                        COMPLAINT

behalf of the company members defined below of similarly situated persons, file this Civil Action Complaint. Plaintiff file suit against Republic of Korea's FIU Administration Government Entity; Hyo Shin Kim; John Doe, FIU Service Agent in official capacity ("Defendants").

Plaintiffs James Skadowski ("Skadowski") and Elliotte Lim ("Lim"), and Young Sang Lee ("Lee"), individually and behalf of all others similarly situated (or collectively "Plaintiffs"), file this civil action against Defendants Republic of Korea's Defense FIU Administration Government Entity, ("FIUAGE") Republic of Korea. (ROK), and Hyo Shin Kim. ("KIM"). Plaintiffs allege the following upon personal knowledge as to their actions and upon information and belief based upon investigation of their attorneys as to all other facts alleged in the Complaint:

## I.      NATURE OF THE ACTION

1.      Plaintiff's Company have owned Data Streams and/or Big Data Solution & Consulting  past  17 years .  (*As Court convenience , CUBRID, Co., Ltd.  is an Established in June  2006. CUBRID, INC is industry  in computer software*).  I am attached true and correct copy as **Exhibit A.**

4th, 5th.  business FIU Government Entity suspicion (dubiety)

The FIU report of this Lee Ki Whan and Choi Jae Joon during continue unnecessary stabilization period of three – month or operating be knowing neglect

Report of this participate in to prevent Lee Ki Whan such public offering a doubt.

Plaintiffs Data Streams and Young Sang Lee, and  Elliotte Lim, and as co-representative of the Data Streams JS (collectively "PLAINTIFFS"), bring this action under Federal Tort Claims Act, 28 U.S.C. 1346(b), 1402(b),2401(b), and 2671-2680 ("FTCA"), an the California Government Tort Claims Act, California Government Code 810 st seq. ("CGTCA"), and the

2.      Plaintiff's company  Data Streams and Republic of Korea's FIU Administration Government Entity; As a result of the bidding of  the DATAMATION (Emerging Enterprise Tech Analysis and Products)  and On July 07, 2017  Plaintiff consortium, the Defendants Republic of  Korea held. As a result of the evaluation of the technical capability of the proposal and the bid examination, the Plaintiff consortium was selected as the preferred bidder.

On August 3, 2017,  Plaintiffs and Defendants  are primary technology negotiations through PC for DBMS(database management system) about the following information on in fact has agreed. Technical negotiate the Plaintiffs are primarily responsible for its.

3.      On August 07, 2017, Defendants'  "KIM" and "FIUAGE" admitted to purposefully example: Datamation products are as good as Cubrid products. (recognized or "FIUAGE" said Datemation is better than Cubrid, Co', Ltd).

4.    Plaintiffs never consented to allow Defendants have an order to change CUBRID company products.

5.    On the basis of the First technology negotiation, the Plaintiffs proceeded with the second technology negotiation of the Defendants Republic of Korea on August 04, 2017.  In the second technology negotiation process, Defendant's Hyo-Shin Kim sent a Defendant to the contracting officer of the Republic of Korea Unless the DBMS is replaced with the proposed  CUBRID Company ., Ltd.,  product, the system operating department has exerted undue pressure that it can not be taken over.  **As Exhibit B. Recording Evidence**

6.    Defendants in response to unreasonable pressure, the defendants strongly urged Republic of Korea's Defense FIU Administration Government Entity;  Hyo Shin Kim to change the DBMS (date base management system) for Plaintiff  PC's into CUBRID  Co., Ltd.,  products, just three hours before the closing deadline. This is an abuse of authority and an abuse of power and business interrupt etc.

7.    Plaintiffs had no other choose to agreed that if the Defendant's  Hyo Shin Kim does not comply with the requirements of the Republic of Korea, the subject to be negotiated in the case business would be changed to DATAMATION (Emerging Enterprise Tech Analysis and Products), which is the subordinate negotiating table, to accept the an unfair demand, unreasonable pressure of the

Defendants Republic of Korea and change the DBMS for PC (database management system) to the CUBRID products. I had to do it! (defendants' an unfair demand and an unreasonable pressure to make Plaintiffs force to do). This is a clarify Abuse of Power, an illegal activities, by Defendants' FIU Administration Government Entity and Republic of Korea and Hyo Shin Kim and Other defendants people who apparently work for them have a long campaign of harassment against both myself and my company, including refusal to even let us make negotiation to this projects, and even assault. In fact, Defendants promised to comply to meet and confer forgoing a project to finalization and/or before the final decision-making between Plaintiffs and Defendants. But did not.

8.      Defendants have commenced various proceedings against me as part of this campaign. I no longer wish to be an illegal activities, unreasonable pressure, unfair demand, abuse of power, and illegal tort by all Defendants. As far as I am concerned they have not complied a chance to negotiation and/or meet and confer as they promised forgoing projects to finalization and/or before the final decision-making with between Plaintiffs and Defendants both parties are agreed . But did not.

9.      On August 07, 2017 Plaintiffs requested  the defendants to extend the term of the negotiations to the defendants Republic of Korea on the deadline of the technical negotiations. As Defendants have promised. But did not.

However, defendant's did not accept request from the Plaintiff's to extend the negotiation period, and on August 9, 2017 to CUBRID Co., Ltd., products.

At all times prior to this incident,  Defendants, and each of them, negligently, carelessly, reckless, and/or unlawfully acted and/or failed to act, including but limited to failing to perform mandatory duties so as to cause of Defendants, and each of them wrongful actions, Plaintiffs Data Streams has suffered and will continue to suffer monetary damages in $400,000. The damages already has been done.

### Republic of Korea and FIU Administration Government Entity An Unfair Case Pre-Review Confirmation.

I am (Son Kon Soo) country money laundering risk assessment at System build Step 4 business Associated with technology negotiations to perform As got the following unfair case aware of the first negotiations subjects and negotiation carried out crisis check the as below;

 a). The task range of Change is no even excessively task shorter time required.
 b). <u>An unjustly the task of adding and changing needs.</u>
 c). Proposed content and business not Associated with the task add content to as required.
 d). <u>An unjust technology transfer needs, etc.</u>
 e). Add people in needs.
 f). Let's conservative period extended needs.
 g). Businesses on a budget recorded without job place, etc. add secure needs.
 h). Excessive negotiations period and business charity long-term delay.
 i). <u>Other specific business dealings with the force.</u>
 j). <u>Justification without equipment replacement of needs.</u>

**(Member of finance information analysis department and Job title officials Son Kon Soo)**

10.　　As result of Defendant's wrongful actions Plaintiffs Data Streams has suffered and will continue to suffer monetary damages in the amount of $400,000 plus interest at 1.5% per month, or highest rate allowed by law, from the date of breach. I am attached a true and correct copy as **Exhibit C.**

## II.　　THE PARTIES

### A.　　Plaintiffs

11.　　Plaintiff James Skadowski is a California citizen residing in Los Angeles, California.

12.　　Plaintiff  Elliotto Lim is California citizen residing in Los Angeles, California.

13.　　Plaintiff Young Sang Lee is Republic of Korea citizen residing in Seoul Korea

### B.　　Defendants

14.　　The Republic Korea ("ROK") is an incorporated municipality and public entity responsible for the fair citizens. The FIU administration Government Entity ("FIUAGE") is a  ("ROK") public agency responsible for protecting the public company and the public business, operating the system of  Public institutions/and or Administration Government  Entity, managing supervised, and comply.

15.     Hyo-Shin Kim ('KIM") is individual who, at all times relevant,
served as FIU Administration Government Entity and was responsible for
establishing, providing and/enforcing policy, practices and/or procedures for
operating the  secretary who belongs to the operation information division of the
analytical source information system.

16.     The Republic of Korea ("ROK") is the federal government, who is
the proper defendant pursuant to 28 U.S.C. 2679(b)(1) for claims for money
damages arising from or out of a negligent or wrongful act and/omission of any
federal employee committed with the course and scope of their employment. The
Republic Korea of  FIU Administration Government  Entity is a cabinet
department of the Republic of Korea with Financial information Analysis System
Operation Department ("FIUAGE") FIU Administration Government Entity acting
as its law administration agency, FIUAGE, through its officers, officials, agents
and/or employees, is responsible for enforcing the nation's ( unfair demand or
abuse power )laws and ensuring the joint a contract from the Republic Korea.
Further, the Republic Korea Department of the Interior, Bureau of  FIU
Administration Government Entity ("who management FIUAGE) help administer,
maintain and oversee certain public contract service controlled or in the possession
of Republic of Korea.

## C.     Agency and Concert of Action

17.     At all times mentioned, Defendant, and each of them, hereinabove, were the agents, servants, employees, partners, aiders and abettors, co-conspirators, and/or joint ventures of each of the Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, enterprise, conspiracy, and/or joint venture, and each Defendant has ratified and approved the acts of each of the remaining Defendants. Each of the Defendants aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligation to Plaintiffs, as alleged herein, In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, as alleged herein, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## III.     STATEMENT OF THE RELEVANTS FACTS

### A.     An Illegal Activities in the Republic of Korea

18.     Plaintiffs consortium proposed to supply the DBMS for PC as a Tibero products *(is a relational databases and database management system/ utility developed by TmaxSoft..)*  while participating in the bid of the of the case,

and the Defendants and each of them fully considered the above and selected the Plaintiffs consortium   as the preferred bidder.

19.      Plaintiffs agreed on August 3, 2017, to supply DBMS for PC as TIBERO products that is compatible with the electronic government framework through the first technology negotiation with the Republic of Korea with defendant in the case of 2017, There was no disagreement between the Plaintiff and the Defendant the Republic of Korea and each of  the Defendants.

20.      Nevertheless, Defendant Republic of Korea, FIUAGE, KIM without giving specific and reasonable reasons, took the same attitude as refusing to sign a contract unless the DBMS for PC was changed to the CUBRID Company products in just three hours before the end of the final technology negotiation of the case business. Plaintiff has no choice but to use the demand of the Republic of Korea.

21.      The fact that such actual coercion of the Plaintiff in the Republic of Korea is a violation of the obligation of obligation to observe in the course of the business negotiation of the case is not only a violation of the contractual freedom principle, it constitutes illegal activity as an act and as well as unreasonable pressure, unfair demand by Defendants "FIUAGE", "ROK", KIM" and other defendants in FIUAGE members. Defendants' and intentional misconduct included, without limitation, repeatedly lie, repeatedly unreasonable pressure, repeatedly unfair demand, repeatedly an illegal tort, repeatedly interfering conduct

forging projects, repeatedly making false charges of forging of projects, and generally engaging in conduct that deprived Plaintiffs of the benefits of the premises Plaintiffs' business, such that they should have addresses and resolved the problems, but did not.

22.     Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have injury by all Defendants.  As a direct and proximate cause of Defendants' wrongful conduct, illegal behavior, an illegal activities such as, **abuse of authority, abuse of power, dereliction of duty, coercion, business interrupt and ethics violation of public officials,** Plaintiffs have been deprived of his tech service, namely plaintiffs money, has sustained related damages of loss of money a sum of $400,000 on that money, has incurred attorney fees and costs, and will incur additional expenses in the future.

23.     Upon information and belief, Defendant Republic of Korea's FIU Administration Government Entity is a corporation organized and existing under the laws of the State of California with its principal place of operating and/or ROK Administration at 3243 Wilshire Blvd, Los Angeles, CA 90010 and  State of Seoul , Country of Republic of Korea

24.     Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, and therefore sues these

Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences and acts alleged herein, and that Plaintiff damages alleged herein were proximately caused by these Defendants. When used herein, the term "Defendants" is inclusive of DOES 1 through 100.

25.     Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

## IV.   JURISDICTION AND VENUE

26.     This Court has subject matter jurisdiction over the state law claims asserted here pursuant to the this Action Fairness Act, 28 U.S.C. § 1332(d)(2), since some of the Plaintiffs are citizens of a State different from the Defendant and, upon the original filing of this complaint, Plaintiffs of the putative Plaintiffs resided in states around the country; and the amount in controversy exceeds $25,000.00

27.     The Court also has personal jurisdiction over the Parties because Defendants' conducts a major part of their national operations with regular and continuous business activity in California.

28.     Venue is appropriate because, among other things: (a) Plaintiffs are resident and citizen of this District; (b) the Defendants had directed their activities at residents in this District; (c) the acts and omissions that give rise to this Action took place, among others, in this judicial district.

29.     Venue is further appropriate pursuant to 28 U.S.C. § 1391 because Defendants conducts a large amount of their business in this District, and Defendants have substantial relationships in this District. Venue is also proper in this Court because a substantial part of the events and omissions giving rise to the harm of the Plaintiff and his company members occurred in this District.

## V.     SUBSTANTIVE ALLEGATIONS

30.     On the basis of the First technology negotiation, the Plaintiffs proceeded with the second technology negotiation of the Defendants "ROK" on August 04, 2017.  In the second technology negotiation process, Defendant's "KIM" sent a Defendant to the contracting officer of the Republic of Korea Unless the DBMS (data base management system) is replaced with the proposed CUBRID Company products, the system operating department has exerted undue pressure that it can not be taken over.

31.     Defendants in response to unreasonable pressure, unfair demand the Defendants strongly urged Republic of Korea's Defense FIU Administration Government Entity; Hyo-Shin Kim to change the DBMS (data base management system) for plaintiff DBMS for PS CUBRID Company products, just three hours before the closing deadline. "An illegal activities in the ROK".

32.     Plaintiffs agreed that if the Defendants' "Kim" does not comply with the requirement of the "ROK", the subject to be negotiated in the case business would be changed to Datamation (Emerging Enterprise Tech Analysis and Products), which is the subordinate negotiating table, to accept the unfair demand of the Defendants Republic of Korea and change the DBMS for PC to a CUBRID Company products. I had to do it! Defendants' an unfair demand and unreasonable pressure to make Plaintiffs force to do. Plaintiffs did not have the no other choose and/ no other option! In fact, Defendants promised to comply to meet and confer and/or a chance to negotiation forgoing the projects. But did not. This is a clearly an Abuse of Power, abuse of authority, coercion, dereliction of duty, business interrupt and ethics violation of public official by Defendants FIU Administration Government Entity Hyo-Shin Kim and Republic of Korea.

33.     On August 07, 2017 Plaintiff requested the Defendants to extend the term of the negotiations to the Defendants Republic of Korea on the deadline of technical negotiations.

However, Defendants did not accept request from the Plaintiff's to extend the negotiation period, and on August 9, 2017 to CUBRID Company products.

34.    Plaintiffs were never given the option to bargain or choose whether they preferred to have extend the negotiation period, Defendant's promise to do so and have not complied to chance to negotiation and/or meet confer as they promised forgoing the projects, before the finalization between the Defendants and Plaintiffs must be agreed. But did not.

35.    Plaintiffs and suffered interferences by Defendants' an abuse of power, business interrupt, abuse of authority, dereliction of duty  and  their due to the intentional wrongful conduct, Plaintiffs' Data Streams have suffer  and monetary damages in the amount of  $400,000 caused by Defendants'.

36.    Defendant's wrongful actions directly and proximately caused the interference and loss of value to Plaintiff Company DBMS  for PC of CUBRID products causing them to suffer, and continue to suffer, economic damages and other harm for which they are entitled to compensation, including:

a.    Monetary damages in amount of  $400.000;

b    Loss of  future investments;

c.    Ascertainable losses in the form of deprivation of the value of their DBMS for PC (Database management system).

     d.    Plaintiffs have overpay to CUBRIB DBMS to PC  a sum amount of $400,000, cause by all Defendants.  Defendants to purposefully interfere with the an  unfair demand and unreasonable pressure, illegal activities, illegal tort, and abuse of power  to use only of CUBRIB DBMS to PC

       for PC which Defendant and its affiliates purposefully interfered to use only of their CUBRIB DBMS for PC.  Its performance and, as a result, Plaintiff and Plaintiff  Company  has a great amount damages a sum of $400,000. The acts and conduct of each and every Defendant, as described herein, were intentional. In addition to all other remedies provided by law, Plaintiffs are entitled to recover reasonable attorney fees and costs for financial abuse pursuant to welfare & Institutions Code section 15657.5.

## VI.    **THIS ACTION ALLEGATIONS**

    37.    Plaintiff  brings this action on their own behalf and pursuant to the Civil  Procedure Rule 23(a), (b)(2), (b)(3), and (c)(4), Plaintiffs seeks certification of  a Nationwide and a California. The nationwide is initially defined as follows:

    The California company member is initially defined as follows:

    38.    Excluded from each of the above Company members are Defendants, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers,

directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant. Also excluded are the judges and court personnel in this case and any members of their immediate employees. Plaintiffs reserves the right to amend the Comany member definitions if discovery and further investigation reveal that the Company members should be expanded or otherwise modified.

39.     *Numerosity*. Fed. R. Civ. P. 23(a)(1). The Plaintiff and Plaintiff Company in this action, Defendant has acknowledged to purposefully unreasonable pressure and illegal activities in the "ROK". The disposition of the claims of Plaintiff and Plaintiff company in a single action will provide substantial benefits to all parties and to the Court. The Plaintiff and Plaintiff Company are readily identifiable from information and records in Defendant's possession, custody, or control.

40.     *Commonality*. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the this action, which predominate over any questions affecting only individual Plaintiff . These common questions of law and fact include, without limitation:

   a.     Whether Defendant have an implied contractual obligation to not purposefully change and/or use only CUBRID products of DBMS for PC models and not to use the Datamation Company products; *the reason is conspiracy of receiving money/or rebate from*

*Cubrid Company., Ltd).*

b.     Whether Defendants have complied with any implied contractual

obligation to not purposefully change and/or use only CUBRIB

products of DBMS for PC models;

c.     Whether Defendants interfered for Plaintiffs to give up forgoing

technology negotiation, Defendants an ordered to Plaintiffs to

change and/or use only CUBRIB products of DBMS for PC

models only.  Plaintiffs' Data Streams have suffer and monetary

damages in the amount of $400,000 caused by Defendant's. Such as

unreasonable pressure, unfair demand, and abuse of power.

d.     Whether Plaintiff and the Plaintiff Company are entitled to

damages, civil penalties, punitive damages, and/or injunctive relief.

41.     *Typicality.* Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of

those of other Plaintiff Company because Plaintiffs' CUBRID products DBMS for

PC, like that of every other company, was misused by Defendants. Because unfair

demand and unreasonable pressure, illegal tort, and abuse of power an against

Plaintiffs and others.

42.     *Adequacy of Representation.* Fed. R. Civ. P. 23(a)(4). Plaintiff will

fairly and adequately represent and protect the interests of the Plaintiff Company

of the members. Plaintiff have retained competent counsel experienced in

litigation of class actions, including consumer this actions, and Plaintiffs intend to prosecute this action vigorously. Plaintiff claims are typical of the claims of Plaintiff Company of the this action and Plaintiffs have the same non-conflicting interests as the Company member of the this action. The interests of the Class will be fairly and adequately represented by Plaintiff.

43.     *Superiority of this Action*. Fed. R. Civ. P. 23(b)(3). A this action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the Plaintiff and Plaintiff Company of the this action is impracticable. Furthermore, the adjudication of this controversy through a this action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a this action.

44.     Damages for any individual Plaintiff is likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go un-remedied.

45.     This action certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Defendant has acted or has refused to act on grounds generally applicable to the this action, so that final injunctive relief or corresponding declaratory relief is appropriate as to the this action as a whole.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Breach of Implied Contract**
**(Against All Defendants by Plaintiffs JAMES and LEE and LIM )**

46.     **PLAINTIFFS** hereby re-allege and incorporate by reference each and every allegation contained above as if fully set forth in  detail herein and incorporate the substantive allegations contained in each and every paragraph of this Complaint.

### A.   Defendants  Republic of  Korea and FIU Administration Government Entity and  Hyo-Shin Kim

47.     PLAINTIFFS allege, that at all times relevant herein, FIU Administration Government Entity and Hyo-Shin Kim, and each of them, acted negligently, carelessly. and/or unlawfully by including but not limited to: (1) creating and etc.

 (2) Exerted unfair pressure; (3) due to the defendants' unlawful conduct, misconduct Plaintiff's purchased 2000 pcs CUBRID Company products for $800,000 and Plaintiff 's suffered damages equivalent to the difference a sum of $400,000; (4) ignoring plaintiff detainer request; and/or (4) failing to notify, communicate, cooperate, assist, and/provide information to negotiations period extended.

48.     The aforementioned acts and/or omissions by Republic of  Korea and  FIU Administration Government Entity and Hyo Shin Kim, and each of them,

were not the result of the exercise of discretion as Republic of Korea and FIU

Administration Government Entity and Hyo shin Kim are not vested with

discretion to contravene federal law/or state law, including but not limited to Civil

Case state law and government code.

49.     Further, the aforementioned acts and/or omissions by Republic of

Korea and FIU Administration Government Entity and Hyo-Shin Kim, and each of

them, did not pertain to a decision whether to comply negotiation period.

Defendants' conduct constituted recklessness, oppression, fraud, and malice in the

commission of the financial abuse and defendants in response to unreasonable

pressure, the defendants strongly urged Republic of Korea's Defense FIU

Administration Government Entity; Hyo shin Kim to change the DBMS (data base

management system) for Plaintiff's PC into CUBRID Company., Ltd., products,

just three hours before the closing deadline.  This is abuse of authority, abuse of

power, dereliction of duty, coercion, business interrupt and/interference and ethics

violation of public officials.  Federal law and/or state law, including but not limited

to Part 1. Power and Duties Common to Cities, Counties, and other Agencies

[53000 -54999.7] *(part 1 add by State. 1949, Ch. 81.);* Article 4. Miscellaneous

[53060 – 53087.7] *Article 4 added by States. 1951, Ch. 522.),* and/or California

Government Code [50001 – 57550] *(Title 5 added by Stats. 1949, Ch. 81).*

50.     As a direct and legal result of the wrongful acts and/or omissions of FIU Administration Government Entity and Republic of Korea and Hyo Shin Kim, Jung Wan-Ku and each of them, Datmation and others contemporaneously witnessed his employee that  Defendants' FIU Administration Government Entity and Hyo Shin Kim and each of remaining Defendants wrongful conduct being unreasonable pressure, unfair demand, illegal tort, and illegal behavior such as, abuse of authority, abuse of power, coercion, business interrupt and ethics violation of  public officials, and thereby suffered extreme emotional distress, including nervousness, grief, anxiety, worry, mortification, shock, indignity, apprehension, terror or ordeal, and malice in the commission of the financial funds abuse and Plaintiffs are entitled to recover damages for the sake of example and by way of punishing Defendants for financial abuse pursuant to Welfare & Institution Code section 15657.5 and Civil Code section 3294.

51.     As a further direct and legal result of the wrongful conduct and/interfering conduct, such as abuse of authority, abuse of power, coercion, business inter and ethics violation of public officials, FIU Administration Government Entity and Republic of Korea and Hyo Shin Kim,  and each of  them, Plaintiff  Data Streams and Lee incurred damages equivalent to the difference a sum of $400,000 plus interest at legal rate from May 04, 2018.  PLAINTIFFS suffered the damages as herein above set forth.

WHEREFORE Plaintiffs pray for relief set forth below.

## SECOND CAUSE OF ACTION
## NEGLIGENCE  WRONGFUL CONDUCT ; ABUSE OF AUTHROTITY & ABUSE OF POWER & DERELICTION OF DUTY & NEGLGENCE
(Against All Defendants by Plaintiffs James and LEE and LIM)

52.     PLAINTIFFS hereby re allege and incorporate by reference each

and every allegation contained above as if fully set forth in detail herein.

**A.     Defendants Republic of Korea FIU Administration
        Government Entity and Hyo Shin Kim**

53.     Plaintiff and Plaintiff Company  entered into implied contracts

with Defendant to which Defendant agreed to not purposefully interfere and/ or

interrupt  with Plaintiff and Plaintiff  Company's. As far as I am concerned they

have not complied to chance to negotiation and/or meet and confer as they

promised foregoing projects to finalization and/or before the final decision-making

between Plaintiffs and Defendants both parties are agreed. But did not.

54.     Each contract made with Defendant by Plaintiff and Plaintiff

Company  was made pursuant to the mutually agreed-upon implied contract with

Defendant under which Defendant agreed to not purposefully interfere with

Plaintiff and Plaintiff Company's. Defendants promised foregoing projects to

finalization and/or before the final decision-making between Plaintiffs and

Defendants both parties are agreed. But did not.

55.     Plaintiff and Plaintiff Company's would not have Enter agreement from Defendant in the absence of the implied contract between them and Defendant.

56.     Plaintiff and Plaintiff Company's fully performed their obligations under the implied contracts with Defendants.

57.     Defendants breached the implied contracts it made with Plaintiff and Plaintiff Company's by purposefully without giving specific and reasonable reasons, took the same attitude as refusing  to sign a contract unless the DBMS for PC was changed to the CUBRID Company products in just three hours before the end of the final technology negotiation of case business and by failing to properly disclose that at the time of that the parties entered into an agreement.

58.     The aforementioned mandatory duties was breached when Republic of Korea and FIU Administration Government  Entity and Hyo Shin Kim, and each of them, mandated an official policy forbidding all Republic of Korea, FIU Administration Government Entity, Hyo Shin Kim duties to protects and/or cooperating by the people's, for the people's and of the people's. Defendants' duties are not an illegal behavior and/or exerted unfair pressure such as, not an abuse of authority, not an abuse of power, not a coercion, not the business interrupt and not an ethics violation of public officials. But they did.

59.     As a direct and legal result of the wrongful act and/or omission of FIU Administration Government Entity and Republic of Korea and Hyo Shin Kim, and each of them, an illegal behavior and/or exerted unfair pressure Plaintiff was not given the opportunity to take Data Streams DBMS for PC.  Defendants an abuse of authority, dereliction of duty,  and an abuse power, Plaintiffs suffered damages equivalent to the difference a sum of  $400,000  plus interest at the legal rate.

60.     As a direct and legal result of the wrongful acts and/ or omission of Republic of  Korea and FIU Administration Government  Entity and Hyo Shin Kim and each of them, PLAINTIFFS suffered the damages as herein sustained actual losses and damages as described in detail above.

WHEREFORE  Plaintiffs pray for relief set forth below.

### THIRD CAUSE OF ACTION
### NEGLGENCE-SURVIVOR CAUSE OF ACTION
(Against All Defendants by Plaintiffs JAMES and LEE and LIM )

61.     **PLAINTIFFS**  hereby re-allege and incorporate by reference each and every allegation above as if fully set in detail herein.

62.     Defendant intentionally interfered with Plaintiff and Plaintiff Company use or possession of only the Cubrid Company DBMS  by purposefully to purchases. Which is cost more than double. Pressure Act ).

63.     At all times prior to this conduct, Defendants, and each of them, negligently, careless, recklessly, and /or unlawfully acted and/or failed to act, including but not limited to failing to perform mandatory duties so as cause of the financial abuse and Plaintiffs are entitled to recover damages for sake of example and by way of punishing defendants for financial abuse pursuant to Welfare & Institutions Code section 15657.5 and Civil Code section 3294.

64.     Plaintiff and Plaintiff Company never consented to Defendant interfering with CUBRID  DBMS to PC  purchases.

65.     Plaintiff and Plaintiff Company had to purchase to a CUBRID products, due to Defendant's conduct of unfair demand and/or an abuse of authority.

66.     Defendant's conduct was a substantial factor in causing Plaintiffs and Plaintiff Company to have to replace CUBRID DBMS for PC.

67.     Defendant knowingly, intentionally, and fraudulently, illegal tort, illegal activities, unreasonable pressure, and unfair demand concealed its unlawful government entity business practices from Plaintiffs and the putative company members of that was legal owed to them.  In engaging in the aforementioned conduct, Defendant has engaged in unlawful, unfair demand, and fraudulent, unreasonable pressure, illegal activities government entity business practices in violation of California Professions Code 17200 et seq.

68.     As a direct and legal result of the wrongful acts and/omissions of Defendants, and each of them, on May 04, 2018, and immediately prior to Plaintiff's suffered damages equivalent to the difference a sum of  $400,000 in cash, expenses, and costs and economic harm and actual injury as the result of Defendants' unlawful, unfair demand, illegal activities, unreasonable pressure, illegal tort, and fraudulent government entity business practices and therefore, has standings to bring this action on behalf of himself and the putative company members.

69.     As a further direct and legal result of the wrongful act and/ omissions of  Defendants, and each of them, Plaintiff also endured great financial abuse pursuant to Welfare & Institutions Code section 15657.5.

WHEREFORE Plaintiffs pray for relief set forth below.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all Plaintiff Company proposed in this Complaint, respectfully requests that the Court enter judgment  against Defendants, and each of them as follows:

A.   For all general, specific, direct, indirect, consequential, and incidental Damages, according to proof at the time of trial, in the amount of  400,000.;

B.    For an Order certifying the Plaintiff and Plaintiff Company as defined here, and appointing Plaintiff.

C.   For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of here pertaining to the misuse of Plaintiff and Plaintiff Company personal property;

D.   For equitable relief compelling Defendant to utilize appropriate methods and policies with respect to Datamation in respect to their services;

E.   For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct and/or misconduct;

F.   For an award of actual damages and compensatory damages, in an amount to be determined;

G.   For an award of costs of suit and attorneys' fees, as allowable by law; and

H.   For pre-and post-judgement interest at the maximum legal rate on all sums awarded; and

I.   Such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims for damages. Plaintiff does not seek a jury trial for claims sounding in equity.

I declare under penalty of perjury under laws of State of California that the foregoing is true and correct.

Dated: **6-19** , 2019

Respectfully Submitted,

/s/        James Skadowski
Plaintiff: James Skadowski

## VERIFICATION

1

2

3      **I, SKADOWSKI JAMES, am a Plaintiff's in the above-entitled action. I head read the**

4    **foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except**

5    **as to those matter which are there stated on information and belief, and as to those matters, I**

6    **believe it to true .  Plaintiffs are request Jury Trial CCP-636-631**

7

8        **JAMES SKADOWSKI ET-AL  V.  REPUBLIC OF  KOREA  ET-AL**

9

10

11      **I  declare under penalty of perjury under the law of the State of California that the foregoing**

12   **is true and correct.**

13

14   **Dated:**  *6 - 19*   **, 2019**

15

16                                 **BY:**  _____

17                                   **PLAINTIFF: JAMES SKADOWSKI**

18

19

20

21

22

23

24

25

26

27

28

JAMES SKADOWSKI V. REPUBLIC OF KOREA ET-AL

VERIFICATION:PLAINTIFFS